**MEYER LAW GROUP LLP**
  A Limited Liability Partnership
BRENT D. MEYER, Cal. Bar No. 266152
268 Bush Street #3639
San Francisco, California 94104
Telephone:   (415) 765-1588
Facsimile:   (415) 762-5277
Email:       brent@meyerllp.com

Attorneys for Debtors in Possession
RICHARD PAUL KINGSBOROUGH and
CYNTHIA EILEEN KINGSBOROUGH

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SANTA ROSA DIVISION

| | |
|---|---|
| In re | BK Case No.: 25-10461-WJL |
| RICHARD PAUL KINGSBOROUGH and CYNTHIA EILEEN KINGSBOROUGH, | Chapter 11 |
| Debtors in Possession. | **STATUS CONFERENCE STATEMENT FILED BY DEBTORS IN POSSESSION** |

Date:        October 14, 2025
Time:        9:30 a.m.
Location:    1300 Clay Street
             Courtroom 220
             Oakland, California 94612
Judge:       Hon. William J. Lafferty

MEYER LAW GROUP LLP
268 BUSH STREET #3639
SAN FRANCISCO CA 94104
www.meyerllp.com

Debtors in Possession Richard Paul Kingsborough and Cynthia Eileen Kingsborough ("Debtor") hereby submits this initial *Status Conference Statement* pursuant to the requirements set forth in the *Order Setting Status Conference* [Dkt. No. 26] issued by this Court in the above-referenced matter.

**1.** **Factors Leading to Bankruptcy Filing, Debtor's Objectives, and Means to Achieve Objectives**. Debtor was facing an imminent non-judicial foreclosure sale on its Tahoe Property by the largest creditor of the estate (Anvil), which forced Debtor to seek relief under Title 11, Chapter 11 of the United States Code.

**2.** **Proposed Schedule for Filing Chapter 11 Plan**. Debtor is in the early stages of drafting its Chapter 11 Plan of Reorganization, and it is anticipated that Debtor will be in a position to file such plan in approximately 30-45 days.

**3.** **Outline of Proposed Plan**. As this Court is aware, Debtor along with the related entity Kingsborough Atlas Tree Surgery Inc. ("Atlas") and creditor Anvil are jointly scheduled to participate in a three-party judicial mediation session with the Honorable Dennis Montali on October 21, 2025, and the outcome of this mediation, likely will greatly influence the contours of Debtor's Plan of Reorganization. As such, at this time, the exact outline of a proposed Plan of Reorganization is not readily apparent.

**4.** **Insurance Coverage of Debtor's Assets**. Debtor has insurance policies for all real properties, and copies of the declaration pages for each of the policies have been provided to the Office of the U.S. Trustee.

**5.** **Retention of Professionals**. Debtor has retained Meyer Law Group, LLP as general bankruptcy counsel, and it is anticipated that Court will approve the *Application to Employ Meyer Law Group, LLP as General Bankruptcy Counsel* for the estate. (Dkt. No. 30).

At present, there are no other professional retained by Debtor, although they may be required to retain real estate professionals to sell certain real property of the estate.

**6.** **Post-Petition Revenue**. Since the Petition Date, Debtor has continued with normal business operations, and they generate income from two primary sources: (a) Debtor lease out space in their two commercial properties and generate approximately $28,500 on a

MEYER LAW GROUP LLP
268 BUSH STREET #3639
SAN FRANCISCO CA 94104
www.meyerllp.com

BK CASE NO. 25-10461-WJL
STATUS CONFERENCE STATEMENT FILED BY DEBTORS IN POSSESSION

Case: 25-10461   Doc# 31   Filed: 10/13/25   Entered: 10/13/25 10:54:15   Page 2 of 4

monthly basis; and (b) Mr. Kingsborough works for Davey Tree and earns approximately $16,667 on a monthly basis from regular employment income.

7. **Status of Pending Litigation.** As of the Petition Date (July 29, 2025), Debtor was a defendant in 4 different lawsuits pending in various non-bankruptcy courts, and Debtor was the Plaintiff in another lawsuit that Atlas commenced against Anvil in Sonoma County Superior Court, which was temporarily removed to the Bankruptcy Court in Atlas' Chapter 11 case. However, at this time, all litigation is stay as a result of 11 U.S.C. § 362(a).

8. **Initial Debtor Interview (IDI) and Meeting of Creditors.**

A. **Initial Debtor Interview (IDI).** Debtor and its counsel appeared telephonically for the Initial Debtor Interview (IDI) on August 25, 2025, which was conducted by Nychelle Rivera the Office of the U.S. Trustee, and the IDI was successfully completed and concluded on the same day.

B. **Section 341(a) First Meeting of Creditors**. Debtor and its counsel appeared telephonically at the Section 341(a) First Meeting of Creditors on August 29, 2025, which was conducted by attorney Paul Leahy of the Office of the U.S. Trustee, and the Meeting of Creditors was successfully completed and concluded on the same day.

C. **Documents Provided to Office of U.S. Trustee**. As of the date of this *Status Conference Statement*, Debtor has provided the Office of the U.S. Trustee with substantially all requested documents and information, and other than proof of closing the pre-petition bank accounts, does not believe there are any outstanding requests from the Office of the U.S. Trustee for further documents or information.

9. **Monthly Operating Reports, DIP Accounts, and Post-Petition Taxes.**

A. **Monthly Operating Reports**. The first *Monthly Operating Report* was filed on October 6, 2025. (Dkt. No. 28).

B. **DIP Accounts**. Debtor has opened Debtor in Possession (DIP) accounts and provided proof of these accounts to the U.S. Trustee.

C. **Payments to Taxing Authorities**. As of the date of this *Status Conference Statement*, Debtor has not made post-petition payments for taxes.

MEYER LAW GROUP LLP
268 BUSH STREET #3639
SAN FRANCISCO CA 94104
www.meyerllp.com

BK CASE NO. 25-10461-WJL
STATUS CONFERENCE STATEMENT FILED BY DEBTORS IN POSSESSION

Case: 25-10461    Doc# 31    Filed: 10/13/25    Entered: 10/13/25 10:54:15    Page 3 of 4

**10. Cash Collateral**. Two of Debtor's commercial real properties generate revenue on a monthly basis. At present, Debtor is segregating all revenue generated from the commercial properties and may be required to obtain approval from the Court for use of cash collateral pending the outcome of the judicial mediation with Anvil.

**11. Orders Regarding Relief from Stay.** As of the date of this *Status Conference Statement*, the automatic stay set forth in 11 U.S.C. § 362(a) has not been altered, modified, annulled, or terminated in any manner, and no creditor (or other party in interest) has filed a motion requesting relief from the automatic stay.

**12. Motion to Assume / Reject Executory Contracts or Unexpired Leases**. Except for assumption of the commercial leases with Debtor's tenants, Debtor does not believe that there are any other leases or executory contracts that will be assumed or rejected.

**13. Unique Issues Concerning Secured Debt**. Except for the issues related to the validity and amount (if any) secured by the Deeds of Trust held by Anvil, which hopefully can be resolved in the judicial mediation session, there are not any other unique issue concerning secured debt in this matter.

**14. Unusual Developments or Events**. Except as to those matters referenced in this *Status Conference Statement*, there have not been any unusual developments or events that have occurred since the Petition Date (July 29, 2025) or are expected to occur, which might materially affect administration of this case.

Dated: October 10, 2025

**MEYER LAW GROUP LLP**

By: /s/ BRENT D. MEYER
    Brent D. Meyer
    Attorneys for Debtors in Possession
    RICHARD PAUL KINGSBOROUGH and
    CYNTHIA EILEEN KINGSBOROUGH



MEYER LAW GROUP LLP
268 BUSH STREET #3639
SAN FRANCISCO CA 94104
w w w . m e y e r l l p . c o m

BK CASE NO. 25-10461-WJL
STATUS CONFERENCE STATEMENT FILED BY DEBTORS IN POSSESSION